## CUNNINGHAM *v.* MITCHELL.

HUSBAND AND WIFE.— *Wife's Separate Property.—Agency of Husband.—*A married woman owned in fee, as her separate property, land occupied as a farm by herself and husband, and used and cultivated by the latter, who, with his wife's knowledge and assent, used, sold, and marketed the annual products as his own, and used the proceeds in the support of the family. With her assent, he rented a field to be planted in corn, furnishing the team, plows, and seed corn to the tenant, who was to have one-third of the crop. The husband sold two-thirds of the growing crop in payment of an account

for medical services rendered by the purchaser to the husband and family. Afterwards, and before the corn was ripe, the wife obtained a divorce.

*Held*, in a suit by the wife against the purchaser for entering the close and gathering and carrying away the ripened corn, that the sale was valid, and was not affected by the subsequent divorce.

APPEAL from the Harrison Circuit Court.

ELLIOTT, J.—Suit by Sarah J. Cunningham, the appellant, against Charles G. Mitchell, before a justice of the peace, for unlawfully entering the close of the plaintiff and gathering and carrying away therefrom a quantity of corn.

The appellant recovered before the justice. Mitchell appealed to the Circuit Court, where there was a finding for him. Motion for a new trial overruled, and judgment.

The only question here is, did the evidence sustain the finding?

It appears from the evidence that the appellant was the owner in fee, and as her separate property under the statute, of the land on which the corn in controversy was standing; that she and her husband, Robert Cunningham, lived on the land in 1867, and for a number of years prior thereto; that Robert owned a team, &c., and during all the time they so lived on the land had used and cultivated the same, and, with the knowledge and assent of his wife, used, sold, and marketed the annual products of the land as his own, and used the proceeds in the support of the family. In the spring of 1867, Robert, the husband, with the assent of his wife, rented a field on the farm to his son by a previous marriage. Robert furnished the team, plows and seed corn; and his son tended the field, and was to have one-third of the corn. Robert was indebted to the defendant, Mitchell, for medical services rendered himself and the family, and in July, 1867, he sold two-thirds of the growing crop to Mitchell in payment of said medical bill. In September following, and before the corn was ripe, the appellant was divorced from her said husband; and in November following, Mitchell, claiming under the purchase

from the husband, gathered and carried away the corn for which the suit was brought.

It thus appears that the husband, in the management of the farm for their common benefit, was the clearly recognized agent of his wife, with power to sell and dispose of the crops at pleasure, and for his own purposes, which power had not been countermanded, and hence still existed at the time of the sale of the corn to Mitchell; and the sale being a valid one at the time it was made, was not affected by the subsequent divorce of the appellant from her husband.

We are therefore of opinion that the finding and judgment of the Circuit Court are clearly sustained by the evidence, and that the judgment should be affirmed.

The judgment is affirmed, with costs.

*W. A. Porter,* for appellant.

*S. K. Wolfe* and *J. W. Nichol,* for appellee.