ISBELL v. BRINKMAN.

LEASE.—*Contract of.*—*Contemporaneous Oral Contract.*—*Evidence.*—*Replevin.*
—B. took the lease of a sewing machine, from a sewing machine company,
for ten dollars cash and subsequent monthly payments, with the right to
purchase at any time during the continuance of the lease.   I., an agent of
the lessor, subsequently obtained the machine from B , on the pretence of
repairing it, but retained possession for alleged non-payment of a part of
the purchase-money.   In a suit by B., against I., to recover the machine,
the defendant put the lease in evidence and also introduced W., a former
agent, who testified to having executed the lease on behalf of the lessor,
and delivered the machine to the plaintiff thereunder, being at the time
accompanied by one T., who was also in the employ of the lessor.   The
plaintiff, in rebuttal, testified that she signed the lease at the request of
T., and not of W., and had thereupon proceeded to, and did, pur-
chase the machine of T., according to an arrangement to board the latter,
for the amount of the price in excess of the cash payment.
*Held,* that the rebutting evidence is not objectionable as showing inconsist-
ency between the alleged oral contract of purchase with T. and the terms
of the lease.
SAME.—*Agency.*—*Power to sell.*—*From what may be Inferred.*—In such case,
authority in T. to make the sale might reasonably be inferred from the
fact, among others, that at the time of the sale, and afterward, he acted
in connection with other persons whose power to sell was admitted.
SAME —*Power of Agent.*—*Rebutting Evidence.*—There being evidence by the
defendant, that he had allowed a partial credit for T.'s board, evidence by
the plaintiff,that she had fully paid the purchase-money by boarding T.,
was competent, in rebuttal merely·
SAME.—*Rescission of Contract.*—*Instruction.*—In such case, an instruction, as-
suming to apply solely to the alleged verbal contract with T., to the effect
that, if it was found that T. had no authority to make such an arrangement
for the payment of the machine, the lessor might repudiate the arrange-
ment by repaying the money received on the contract, was not erroneous.
SAME.—*Memoranda on Contract.*—*Evidence.*— Where a written contract of
lease has been read in evidence, all the marks and memoranda thereon,
having any reference to any matter in controversy between the parties,
are thereby also put in evidence, and the opposite party is entitled to have
an endorsement on such lease read to the jury, or he may refer to it as
evidence already before them.

From the Henry Circuit Court.

*J. H. Mellett* and *E. H. Bundy,* for appellant.

NIBLACK, J.—This was a suit by Mary Brinkman, against

Alonzo D. Isbell, for the value of a sewing machine which it was alleged the defendant had taken from the plaintiff, and had unlawfully refused to return.

The action was commenced and first tried before a justice of the peace, and afterward came to the court below by appeal. A second trial in the circuit court resulted, as did the first, in a verdict for the plaintiff. A new trial being refused, judgment was rendered against the defendant, upon the verdict.

On the trial, there was evidence in chief tending to show that the machine sued for was the property of the plaintiff, and was, in October, 1875, taken away by the defendant under the pretence of having it repaired, and that afterward, although requested, the defendant had failed and refused to return the machine to the plaintiff.

The defendant introduced and had read in evidence a contract in writing, dated the 8th day of May, 1875, and signed by the Howe Machine Company, of the first part, and the plaintiff and her daughter Mamie, of the second part, by which that company leased the machine in controversy to the plaintiff and her said daughter, for an indefinite period of time, for the gross sum of eighty dollars—ten dollars cash in hand, and the remainder in monthly instalments of five dollars each, reserving to the company the right to resume the possession of the machine in default of any of the payments, and providing that the parties of the second part might, at any time during the existence of the lease, purchase the machine, and have all payments made under the lease applied on the purchase-money. One William R. Way, whose name appeared as an attesting witness to the lease, testified that he was, at the time the lease was executed, an agent for the Howe Machine Company, and, as such agent, made the lease on behalf of the company, and delivered the machine to the plaintiff, under the lease; that he was, at the time,

accompanied by one Henry Taylor, referred to by other witnesses.

The defendant testified that, soon after the machine was delivered to the plaintiff, he, as the agent of the Howe Machine Company, came into the possession and control of the claim against her for the balance due upon the machine; that, during the summer of 1875, the plaintiff made three payments on the machine, one to him of five dollars in money, another to him of five dollars in board, and another of five dollars by boarding Taylor, above named; that, about and during the time the plaintiff was in the possession of the machine, Taylor was travelling for, and seemingly in the employment of, the company, but to what extent the defendant was not precisely informed; that he took the machine for the purpose of having it repaired, but learning that an execution had been levied upon it, and ascertaining that there was a balance of near fifteen dollars of arrearages due upon it, he concluded not to return it, and turned it over to the company at their office in Newcastle; that he did not remember telling the plaintiff any thing about there being any balance due upon the machine, before he took it away, but told her afterward that he would return it if she would pay what was due up to that time.

The plaintiff, in rebuttal, testified that she had bought the machine from Taylor for eighty dollars, ten dollars cash in hand, and the remainder to be paid in board; that the first ten dollars was paid to Taylor, and not to Way, and that Taylor boarded at her house five months and three weeks in all afterward, and Isbell boarded there some, also, under the contract; that the machine was fully paid for in board, and that Isbell, having knowledge of the arrangement between her and Taylor, had agreed to give her receipts in full for the machine; that Isbell did give her two receipts for board, one for his own and the other for Taylor's board, on the machine.

It was made to appear by the evidence that some clerk, or other person, employed in the company's office at Newcastle, had endorsed on the back of the lease read in evidence these words : "By whom leased—Henry Taylor. Where from—Newcastle;" and that endorsement was read in evidence by the plaintiff.

The appellant objected to the plaintiff being allowed to testify as to her alleged purchase of the machine from Taylor, upon the grounds :

1st. That such evidence was in contradiction of the written lease ;

2d. That it was not shown that Taylor had authority to make a sale of the machine.

As has been seen, the appellee had the right, under the lease, to purchase the machine at any time during which the lease was to run, applying what she had paid under the lease, upon the purchase-money. The evidence objected to amounted, as we construe it, to an allegation that the appellee signed the lease at the request of Taylor, and not of Way, and that she thereupon immediately proceeded to purchase, and did purchase, the machine of Taylor. As thus construed, we see no inconsistency between the alleged oral contract of purchase with Taylor and the terms of the lease.

As to the supposed want of authority in Taylor to sell the machine to the appellee, we feel constrained to say there was evidence from which such authority might have been fairly and reasonably inferred. It was shown, in connection with other circumstances, that he acted, at the time and afterward, in conjunction with others, whose power to sell was admitted.

The appellant also objected to the appellee being allowed to testify as to the length of time Taylor boarded with her, upon the ground that it was not shown that Taylor had authority to receive pay for the machine in board. But the appellant admitted in his testimony that one in-

stalment on the machine was paid by her in boarding Taylor, and that, in our estimation, laid a sufficient foundation for the evidence objected to, in rebuttal.

The endorsement upon the lease read in evidence by the appellee was objected to by the appellant, upon the ground that it was not shown by whom the endorsement was made; but as to that we think the evidence, showing that it was made in the company's office, in what appeared to have been in due course of business, was quite sufficient, conceding that some proof, as to who had made the endorsement, was necessary. But we do not hold that such proof was necessary as preliminary to reading the endorsement.

The lease having been read in evidence, all the marks and memorandums upon it, having any, even the most remote, reference to any matter in controversy between the parties, were thereby also put in evidence: and, as the endorsement objected to fairly tended to corroborate the testimony of the appellee, she was entitled to have it read to the jury, or to refer to it as evidence already before them.

We see no error in the admission of any of the evidence objected to, as above stated.

The court instructed the jury, that "If Henry Taylor took the machine to Mary Brinkman, and delivered the same to her, and obtained her signature to the lease in evidence, and agreed with her at the time, that she might pay therefor in boarding him, except the ten dollars paid at the time, and Taylor had no authority to make such an arrangement for the payment of the machine, the machine company would not be bound by such arrangement and might repudiate it if brought to their knowledge, and repay any money paid on the machine by Mrs. Brinkman and retake the machine, but the company could not repudiate the contract of Taylor as to the manner of payment, and refuse to return the money received on the contract."

The appellant objects to this instruction, contending that it ignored the written contract between the appellee and the company, and erroneously recognized as valid and binding the alleged verbal contract between Taylor and the appellee.

These objections, however, do not seem to us to be well taken. The instruction only assumed to apply to that portion of the cause which arose upon the supposed verbal contract with Taylor, and had only a hypothetical application to such portion of the cause, announcing at the same time a familiar principle in the rescission of contracts, to which no objection is urged.

Questions are also made upon other instructions given by the court, but what we have said as to the admissibility of certain evidence, as above, practically disposes of all remaining questions upon the instructions.

The case impresses us as one not free from difficulty, upon the evidence, but, in our opinion, no sufficient reason has been shown for a reversal of the judgment.

The judgment is affirmed, with costs.