No. 11,037.

92 543
159 24

## STEWART ET AL. *v.* MURRAY.

CONTRACT.—*Real Estate Brokers.—Commission.—Complaint.—Principal and Agent.*—A complaint, alleging that the defendant employed the plaintiffs to sell his farm, agreeing to pay therefor whatever sum could be realized above $1,090; that in forty days thereafter the defendant, who had not reserved any right to find his own buyer, sold the farm for $1,200, without the plaintiffs' consent; that the plaintiffs could in a reasonable time have found a buyer for $1,200, and were ready and willing to perform, is bad on demurrer.

SUPREME COURT.—*Refusal to Give Instructions.—Exceptions.*—The refusal to give an instruction prayed, there being no exception, can not be questioned in the Supreme Court.

From the Howard Circuit Court.

*J. C. Blacklidge* and *W. E. Blacklidge,* for appellants.

*C. N. Pollard,* for appellee.

HAMMOND, J.—This was an action by the appellants, as. real estate brokers, against the appellee, to recover damages. upon an alleged contract for the sale of the appellee's real estate.

The complaint was in three paragraphs. The first para-- graph was for services in finding a purchaser and selling the. appellee's land, and the second for services in finding a purchaser according to contract.

The third paragraph of the complaint stated that the appellee employed the appellants to find a buyer for his farm, agreeing that they might have as a compensation all that could be realized over and above $1,090; that thereafter, in about forty days from the date of the employment, the appellee, who had not reserved the right to find his own buyer, or to sell his own land, sold said farm for $1,200, without the consent of the appellants, thereby rendering it impossible for them to comply with their contract in finding a buyer. It is averred that the appellants were at all times ready and willing to comply with their part of the contract, and that.

they could, within a reasonable time, have found a purchaser for said farm at the price of $1,200.

The appellee's demurrer for want of facts was sustained to the third paragraph of the complaint, to which ruling the appellants excepted. Issues were made upon the first and second paragraphs of the complaint, which were tried by a jury, resulting in a verdict and judgment for the appellee over the appellants' motion for a new trial and exceptions.

The appellants have assigned as errors in this court the sustaining of the appellee's demurrer to the third paragraph of their complaint, and the overruling of their motion for a new trial.

In *Richards* v. *Jackson*, 31 Md. 250 (1 Am. R. 49), it was held that a broker employed to sell real estate must produce a purchaser before he is entitled to his commission, unless his failure to do so is occasioned by the fault of the vendor.

In *Tombs* v. *Alexander*, 101 Mass. 255 (3 Am. R. 349), the defendant employed a broker to sell real estate for a specified compensation, making known to him his title. The broker found a customer and brought him to the defendant, but no sale was made on account of the defective title. The defendant afterward sold the property to another person at auction for more than had been offered by said customer; and it was held that the broker was not entitled to compensation for his services.

In *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378 (38 Am. R. 441), it was said: "We do not mean, that the broker must of necessity be present and an active participator in the agreement of the buyer and seller when the agreement is actually concluded. He may just as effectually produce and create the agreement, though absent when it is completed and taking no part in the arrangement of its final details. * * * But in all the cases, under all and varying forms of expression, the fundamental and correct doctrine is, that the duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms

upon which it is to be made, and until that is done his right to commissions does not accrue."

In *Pott* v. *Turner*, 6 Bing. 702, a broker is defined as one who makes bargains for another and receives a commission for so doing.

The case of *McClave* v. *Paine*, 49 N. Y. 561 (10 Am. R. 431), was precisely like that made by the third paragraph of the complaint in the case at bar. It was said in that case: "A party having employed a broker to sell real estate, may, notwithstanding, negotiate a sale himself; and if he does so without any agency of the broker, he is not liable to him for commission. To earn his commission the broker must be an efficient agent in or the procuring cause of the contract. His commission is earned by finding a sufficient purchaser, ready and willing to enter into a valid contract for the purchase upon the terms fixed by the owner, and having introduced such a one to the owner as a purchaser, is not deprived of his right to commission by the owner negotiating the contract himself. * * * In the present case the plaintiff did not introduce Blodgett as a purchaser of the parcel in question. So far as appears he had no knowledge that he would purchase it upon any terms. In short, he did nothing toward earning his commission in respect to this parcel." The judgment of the lower court, holding that the plaintiff could not recover, was affirmed.

The terms of the contract in each case determine the rights of the parties.

The case as made by the third paragraph of the appellants' complaint was that they were to find a purchaser for the appellee's farm at a price not less than an amount named. It is not claimed that the appellants did this, or in fact did anything with respect to their agency. Their right to recover seems to be based upon the sale of the land by the appellee soon after their employment, without their consent and without any reservation of his right to do so. But we think the reservation of such right by express agree-

ment was unnecessary; such right existed in the absence of its express surrender, or of an express agreement that the appellants alone should have the right to sell the land.

This case differs materially from *Lane* v. *Albright*, 49 Ind. 275. In that case, the contract was that the broker should in a reasonable time find a purchaser for the defendant's land at a specified price. This he did, and it was held that he was entitled to his commission, though the defendant sold the land before the broker found the purchaser. The broker in that case complied with his contract by finding a purchaser. No such compliance in the present case is alleged in the third paragraph of the appellants' complaint.

There was no error in sustaining the appellee's demurrer to the third paragraph of the complaint.

It remains to consider the appellants' motion for a new trial. The first and second causes therefor, relating to the admission of certain evidence, are not discussed in the appellants' brief, and are, therefore, regarded as waived. The third cause was the refusal of the court to give an instruction requested by the appellants. But as the record fails to show an exception to the refusal to give the instruction, the error, if any, of such refusal is not available in this court. 1 Works Pr., sections 795 and 796.

The remaining causes, the fourth and fifth, for a new trial were, that the verdict was not sustained by sufficient evidence and was contrary to law. There was evidence fairly sustaining the verdict, and we can not, therefore, reverse the judgment even though we might be of opinion that the verdict was not in accordance with the weight of evidence. This question is settled by so many decisions of this court, that a reference to them is unnecessary.

Affirmed, at appellants' costs.

Filed Jan. 10, 1884.