Barnett v. Gluting et al.

Filed Jan. 20, 1892.

---

No. 152.

## BARNETT v. GLUTING ET AL.

CONTRACT. — *Real Estate Broker.* — *Commission.* — *Husband and Wife.* — *Agency.*—Where a firm of real estate brokers was employed by the defendant through her husband, who was acting as her agent, to sell a piece of real estate for a certain sum, and negotiated with a party for the sale of the property at the price agreed upon, and after such negotiations the husband, with a knowledge of the same, sold the property to the same party for the same purpose, though the conveyance was made to another party, the brokers are entitled to recover their commission.

SAME.—*Complaint.*—*Quantum Meruit.*—*Special Contract.*—*Evidence.*—*Custom.* —Where a complaint for the recovery of a real estate commission was in two paragraphs, the first being upon a special contract, and the second upon a *quantum meruit*, and the recovery was had upon the first paragraph, evidence as to what the customary price was for the kind of services the plaintiffs performed in the premises, even if improperly admitted, would be harmless error, as it could have reference only to matters under the second paragraph, and could in no way have influenced the verdict upon the first paragraph.

PRINCIPAL AND AGENT.—*Ratification of Acts of Agent.*—It is not always necessary to the establishment of an agency that the authority be conferred before the commission of the act by which the same is exercised. If the act is afterwards ratified by the assumed principal, as when he accepts the benefits therefrom, this will be sufficient to establish the agency.

SAME.—*Establishment of Agency.*—*Circumstantial Evidence.*—The relation of principal and agent may be shown by circumstantial evidence alone, and when there is evidence that one openly acts for another under circumstances implying a knowledge on the part of the supposed principal, this makes a *prima facie* agency, and authorizes the court to admit evidence of the declaration of such agent. Proof that the principal

Barnett *v.* Gluting *et al.*

permitted the person claimed to be the agent to perform similar acts and transactions with other persons is competent as tending to establish such agency.

SAME.—*Holding out Party as Agent.—Effect of.*—If a person holds out another as his agent, by placing him in control of his business or property, and a third person acts upon the faith of such appearances, the principal may be bound by the acts of the agent, if within the scope of such ostensible authority, although, as between the agent and employer, no such authority in fact existed.

SAME.—*Relationship of Parties.—Jury may Consider.*—In determining the question of agency, the jury have the right to consider that the alleged agent was the husband of the party who was claimed to be the principal.

SAME.—*Instructions to Jury.—Failure of Defendant to Deny Agency.*—In determining the question of agency, an instruction to the jury was proper that they might consider whether or not the defendant (the alleged principal) had offered any evidence denying the same. The rule that the failure of the defendant to testify shall not be considered against him applies only to criminal cases.

From the Whitley Circuit Court.

*T. E. Ellison* and *H. C. Hanna,* for appellant.

*H. Colerick* and *W. S. Oppenheim,* for appellees.

REINHARD, J.—This action was commenced in the Allen Circuit Court. The appellees sued the appellant for the recovery of an alleged commission due them upon the sale of certain real estate. There was a demurrer to the complaint, which was overruled, but no point is made upon this ruling in the appellant's brief. Issues were joined, the cause was tried, and there was a finding for the appellees. A new trial was granted, however, and then the venue of the cause was changed to the Whitley Circuit Court. Here the cause was submitted for trial to a jury, again resulting in a verdict in favor of the appellees. There was a motion by the appellant for a new trial, which was overruled and judgment rendered upon the verdict, from which this appeal is taken.

The controlling question presented by the assignment of errors and motion for a new trial is the sufficiency of the evidence to sustain the verdict.

The appellees' theory of the evidence is that appellees,

Gluting and Bauer, were real estate brokers in the city of Fort Wayne; that the appellant, through her husband, who was her agent, employed the appellees to sell for her a parcel of real estate in said city for the price of $33,000, agreeing to pay the appellees therefor a commission of $500; that Gluting, one of the appellees, negotiated with one Morgan for the sale of the property; that Morgan wanted the property for a bank building for a bank of which he was vice-president; that, after Barnett had notice of the negotiations, he himself sold the property to Morgan for the bank, making the conveyance, however, to another party, then cashier of the bank, who still holds the legal title, and that in fact the bank has paid and agreed to pay the entire purchase-money; that the appellees being the procuring cause of the sale, it matters not to whom the deed was actually made, they are entitled to recover their commission.

We have given the evidence a careful examination, and our conclusion is that it fairly tends to establish the appellees' claim. We do not regard it as useful to set out in this opinion even a synopsis of the voluminous evidence, and have, therefore, not undertaken to do so. We regard the facts proved as sufficient to entitle the jury to draw the deductions which resulted in a verdict for the appellees.

A real estate broker employed at a stipulated commission in case he finds a purchaser for certain designated real estate, at a price fixed, who produces a purchaser ready, able and willing to purchase at the price, and upon the terms fixed, with notice to his employer, is entitled to his commission. *Fischer* v. *Bell*, 91 Ind. 243.

The fact that the conveyance was made to some person other than the real purchaser, if it was the same transaction, and resulted in a sale of the property of which the broker was the procuring cause, would not debar the latter from recovering his commission. The question in such case is not the extent of the services rendered, or what particular exer-

tions were made by the broker, but whether the sale was the result of such services and exertions. 2 Am. and Eng. Encyc. of Law, 582.

Whether the appellees were the procuring cause, and whether the appellant's husband was her authorized agent in the transaction, were questions of fact for the jury, and from the evidence before them they had a right to reach the conclusions at which they arrived. The verdict having received the sanction of the trial court, we do not feel warranted in disturbing it.

The appellant also complains of the ruling of the court in admitting certain evidence as to what the customary price was for the kind of services the appellees performed in the premises.

The complaint was in two paragraphs, the first being upon a special contract, and the second upon a *quantum meruit.* The jury found for the appellees only on the first paragraph. The evidence of a custom could have reference only to matters under the second paragraph, and could in no way have influenced the verdict upon the first. Of this the jury were amply apprised in the instructions of the court. If, therefore, the evidence was improperly admitted the error was harmless.

Error is claimed also on account of the giving of certain instructions by the court, and the refusal to give others requested by the appellant.

We have examined the instructions given, and think they are fairly within the issues, and state the law of the case correctly. We have also examined those refused, and think they are fully covered by instructions which were given. As they present no new or important questions, we do not feel called upon to set them out in this opinion.

The appellees have urged upon us with much earnestness the point that the evidence and bill of exceptions are not properly in the record. The conclusion we have reached renders it unnecessary that we should decide this question.

A careful examination of this case has convinced us that it has been fairly tried, and no substantial ground has been shown for a reversal.

Judgment affirmed.

Filed Nov. 10, 1891.

## ON PETITION FOR A REHEARING.

REINHARD, J.—The appellant's counsel, with much earnestness and evident sincerity, press upon us the favorable consideration of their petition for a rehearing, and insist that we reached an erroneous conclusion in affirming the judgment. It is claimed in the first place. that there is absolutely no evidence in the record from which the jury had a right to infer, legally, that the appellant's husband, Abraham G. Barnett, when he employed the appellees to negotiate the sale of the property and agreed to pay them a commission therefor, had any authority from her whatever to do so, and hence that there is a clear failure of proof of the agency relied upon.

It is not always necessary to the establishment of an agency that the authority be conferred before the commission of the act by which the same is exercised. If the act is afterwards ratified by the assumed principal, as where he accepts the benefits arising therefrom, this will be sufficient to establish the agency. *Henry* v. *Heeb*, 114 Ind. 275; *Sims* v. *Smith*, 99 Ind. 469; *Lichtenberger* v. *Graham*, 50 Ind. 288.

It was not essential, therefore, that the appellees should have proved that before the sale some specific authority to employ the appellees was conferred upon her husband by the appellant. If the appellees were the procuring cause of the sale, and the same was made in substantial compliance with the arrangement entered into between Abraham G. Barnett and the appellees, which the evidence tends to prove, and the appellant consented to said sale by receiving the purchase-money and executing a deed of conveyance, this was

evidence of ratification from which the jury had a clear right to conclude that there was an agency. From the sale the appellant realized the sum of $33,000 for her property, a portion of which she received in cash and the remainder was applied to the extinguishment of her indebtedness. She can not be heard to say, therefore, that she will retain that which is beneficial to her from the sale, and renounce the accompanying burdens. She must be held to have ratified the entire transaction, including the agreement of her husband when he engaged to pay the appellees a fee for their services. Moreover, there was evidence other than that of ratification which tended to establish the agency. Gluting testified that he knew these parties and their circumstances; that he was acquainted with the appellant's property; that previously to 1887, and since then, Mr. Barnett had generally managed the business affairs of his wife and looked after this property; that the appellant herself lived in the country and gave her property in the city no personal attention, while her husband was doing business in the city of Fort Wayne where the property was located and gave it his attention; that the witness knew what the property was used for; that the husband had sold other property of a like character for her, and she had made no objections, etc.

If the witness knew these facts, and the jury believed them, we see no reason why they might not constitute a proper basis for the conclusion that Barnett was his wife's agent for the sale of this property. We do not understand that any particular words of authority are necessary in such cases as this to establish an agency. The relation of principal and agent may be shown by circumstantial evidence alone; and where there is evidence that one openly acts for another under circumstances implying a knowledge on the part of the supposed principal, this makes a *prima facie* agency, and authorizes the court to admit evidence of the declarations of such agent. *Indiana, etc., R. W. Co.* v. *Anderson*, 114 Ind. 282; *Isbell* v. *Brinkman*, 70 Ind. 118.

Proof that the principal permitted the person claimed to be the agent to perform similar acts and transactions with other persons is competent as tending to establish such agency. *Hitchens* v. *Ricketts,* 17 Ind. 625 ; *Morehead* v. *Murray,* 31 Ind. 418; *Cunningham* v. *Mitchell,* 30 Ind. 362.

If a person holds out another as his agent, by placing him in control of his business or property, and a third person acts upon the faith of such appearances, the principal may be bound by the acts of the agent, if within the scope of such ostensible authority, although, as between the agent and employer, no such authority in fact existed. *Over* v. *Schiffling,* 102 Ind. 191.

The court instructed the jury that in determining the question of agency they had a right to consider that Mr. Barnett was the husband of the appellant.

The appellant contends that this instruction was calculated to mislead the jury, and was erroneous. We can not agree with her in this view. We can not conceive upon what principle it could be claimed that in the investigation of this question the jury might not consider the relationship of the parties. It is certainly one of the circumstances which, when connected with others, might constitute ample proof of an agency. The instruction goes no further than to call the attention of the jury to this. It does not assume that the relationship of husband and wife is enough to establish the agency, nor could the instruction be construed to intimate that from such relationship alone an agency might be implied or inferred. There was no error in the instruction.

We also think it was proper for the court to instruct the jury they might consider the fact, if proved, that Barnett transacted his wife's business generally, and that he negotiated this particular sale, some months afterwards, and that she ratified the same. We have already cited authorities bearing upon this point.

Counsel for appellant now claim that there is no evidence that this particular sale was negotiated by Barnett. But

Bond himself, to whom the conveyance was made, testified that the only negotiations he had with any one besides Morgan was Barnett, and that he, and not the appellant, took the check and delivered the deed of conveyance. It is not shown where Mrs. Barnett had anything whatever to do personally with transacting this business.

Again the appellant complains because the court told the jury in an instruction that in determining the question of Barnett's agency they might consider whether or not the appellant had offered any evidence denying the same. This was right. Circumstances and facts had been proved, as we have seen, tending to make at least a *prima facie* case of such agency. If it did not exist, the appellant was a competent witness to testify that she had never conferred the authority by which her husband assumed to act as her agent, if he did so. That she failed to do this was a circumstance the jury had a right to consider. If there was any reason for the absence of her testimony it was proper to have shown that upon the trial. The rule that the failure of the defendant to testify shall not be considered against him applies only to criminal cases.

The court therefore committed no error in admitting the conversations with the husband of the appellant. There was at least *prima facie* evidence that he was the agent of his wife, and this was sufficient.

We have given the questions involved here a second careful consideration, but are not able to come to any different conclusion from the one first arrived at.

Petition overruled.

Filed Jan. 21, 1892.