No. 1,233.

## WILSON v. DYER ET AL.

BROKER.—*Sufficiency of Complaint for Commission.*—That a complaint for broker's commission for procuring a purchaser for real estate is sufficient, see opinion.

SAME.—*Commission.—Procuring Purchaser.—Offer Withdrawn Before Services Rendered.—Real Estate.*—If one employ a broker to procure a purchaser for certain real estate at a certain price, and pending negotiations by the broker the purchase-price is reduced, but before the broker has made any effort to get a purchaser at the new purchase-price, that price is withdrawn, the broker has no right to submit it to a contemplated purchaser, and after an acceptance by him enforce payment of the commission on that basis, unless the landowner afterwards took advantage of such services and consummated the sale.

From the Marion Superior Court.

*U. J. Hammond* and *E. S. Rogers*, for appellant.

*B. K. Elliott, W. F. Elliott, E. Woollen* and *W. W. Woollen*, for appellees.

Ross, C. J.—The appellees recovered judgment in the court below against the appellant for the sum of $920, as commission for procuring a purchaser for a piece of property owned by him, which he had placed in their hands for sale.

The facts, as apparently conceded by the parties, are, substantially, as follows:

On the 6th day of December, 1892, and for a long time prior thereto, the appellant was the owner of the business property situated on the southeast corner of Illinois and Market streets, in the city of Indianapolis, Indiana, and several weeks prior to that date employed the appellees, who were engaged in the real estate business, to sell said property for him, fixing the price for which he would sell it at $50,000; that they opened negotiations

with John W. and Edward Schmidt, who wanted to purchase the property but did not perfect a sale for the reason that the Schmidts were unwilling to pay the price asked. On the 6th of December the appellant called at the office of appellees and inquired whether or not they had been able to perfect the sale and was informed that the parties desiring to purchase would not pay the price asked, and while appellant was present, appellees communicated with the Schmidts by telephone and asked them whether or not they would give more than $45,000 for the property, that being the amount of an offer which it seems they had previously made to appellees for the property, and they answered that they would call at appellee's office by 11 o'clock the next day and give an answer. Upon this being communicated to appellant, he thereupon reduced to writing the following proposition for the appellees to submit to the Schmidts when they came the next day, viz.:

"INDIANAPOLIS, Dec. 6, 1892.

"DYER & RASSMANN, City:

"GENTS—I will sell my block, S. E. corner Illinois and Market streets, this city, fronting forty-five feet on Illinois street by eighty feet deep, for $46,000, the purchaser to assume mortgage of $20,000 in favor of the John Hancock Mutual Life Insurance Company, to pay me $16,000 cash, the balance of $10,000 in equal installments of $5,000 each, payable in one and two years, at 6 per cent. interest, secured by a second mortgage upon the property. I will furnish abstract of title to date and make warranty deed.

"FRANKLIN P. WILSON."

On the morning of the following day, before the above proposition had been submitted to the Schmidts, and before the Schmidts had made any answer to the appellees'

inquiry of the day before, appellant notified the appellees that the above offer was withdrawn, notwithstanding which appellees afterward, when the Schmidts arrived at their office, submitted the proposition to them, and it was by the Schmidts accepted. The sale, however, was never consummated, for the reason that appellant did not consider himself bound to carry out the same on the terms of the above proposition.

The complaint is in two paragraphs. The first simply alleges that appellees were employed by appellant to find a purchaser upon the terms set forth in this written proposition; that they did find a good, responsible and *bona fide* purchaser who was ready, able and willing to purchase it upon the terms and at the price asked, and that appellees notified appellant that they had found such purchaser. It is then alleged that appellant agreed to pay appellees for their services in procuring a purchaser the sum of $920, and that that amount was a reasonable fee for said services; that appellant refused to pay the same, or any part thereof.

The second paragraph, which was filed after appellant had made answer to the original or first paragraph, setting up in substance the facts as hereinbefore set out in this opinion, the appellees anticipating appellant's defense, alleged their employment by appellant several weeks prior to December 6, 1892, to procure a purchaser for his property at a prescribed price of $47,000, for which services appellant agreed to pay them a commission of 2 per cent. thereon; that they expended much time and labor in trying to find a purchaser therefor, and did succeed in getting John W. and Edward Schmidt interested in it; that on December 6, 1892, appellant called at the office of the appellees to make inquiry concerning the progress they were making with the said Schmidts, and was then informed that the Schmidts

would not purchase at the price named; that the appellees in the appellant's presence, communicated with the Schmidts by telephone, and asked them if they would raise their offer of $45,000, and that the Schmidts replied that they would give a definite answer between eleven and twelve o'clock the following day; that thereupon the appellant executed and delivered to appellees the above proposition offering to sell at and for the sum of $46,000, which offer was to be good until submitted to said Schmidts and subject to their acceptance when they called at appellees'office on December 7, 1892. The other necessary averments showing an acceptance of the proposition, and the refusal of appellant to pay appellees for their services were made.

Counsel for appellant insist that both paragraphs of the complaint are insufficient and that the court erred in overruling the demurrer to each of them. We have examined each paragraph of the complaint, and as far as any objection has been pointed out we think them sufficient and that the court below did not err in overruling the appellant's demurrers thereto.

It is next urged that the court erred in overruling appellant's motion for a new trial, and this leads to a consideration of the material questions in the case; first, whether or not appellant could withdraw his offer to sell at and for the price of $46,000 before the same had been submitted or accepted by the Schmidts, and second, whether such withdrawal would defeat the right of appellees to a commission?

Until December 6, 1892, when appellant authorized the appellees to sell his property for the price and upon the terms of the written proposition heretofore set out, they had no authority to sell it for less than fifty thousand dollars, and it is conceded that none of the persons

with whom they had talked concerning the property were willing to pay that price for it.

It is well settled that when a broker who has been employed to find a purchaser for property at a stated price and upon given terms finds a purchaser who is in a position and ready, able and willing to complete the purchase on those terms, he is entitled to his commission, although the owner may, for reasons of his own, afterwards conclude not to sell upon those terms. *McFarland* v. *Lillard*, 2 Ind. App. 160; *Barnett* v. *Gluting*, 3 Ind. App. 415; *Lockwood* v. *Rose*, 125 Ind. 588.

To hold otherwise, would be to permit the principal to get the benefit of his agent's labors and avoid paying therefor. The principal can not evade paying the agent for his services by taking out of his hands the power to complete the transaction, which, so far as the agent's duties are concerned, has been virtually consummated.

If the employment is to find a purchaser at a stated price and upon given terms and the broker has expended his time and performed labor in getting parties interested he would be allowed a reasonable length of time in which to complete his labors, unless a definite time had been agreed upon within which he was to procure such purchaser. So after he has made an effort and interested parties in the purchase and while negotiations are pending, the owner can not summarily withdraw his proposition and thus defeat the broker's right to compensation for his services. That he may, as between himself and a contemplated purchaser, at any time before acceptance by the buyer, withdraw his offer of sale, is settled, yet as between him and his agent, whom he has employed to procure a purchaser, he has no such right, except he pay his agent for the services actually rendered. This is not the rule, however, either when the time within which the agent is to find a purchaser has ex-

pired and he has found none or when his authority is revoked before anything has been done by him under it.

In this case the appellees were employed to find a purchaser at a given price, and before they had succeeded and while they were negotiating with persons who desired to purchase, the appellant reduced the purchase price, but before appellees had made any effort to get a purchaser at the new purchase price, that price was withdrawn. It must be conceded that appellees' original employment continued, although the terms upon which the sale might be perfected were changed by appellant. Hence, although the power of appellees to sell the property at $46,000 was canceled, they still had a right to procure a purchaser at the original price stated unless appellant canceled their entire authority. That appellant had a right to withdraw the last proposition before appellees had done anything to find a purchaser under it, can not well be controverted, and having done so, the appellees had no right to submit it to a contemplated purchaser and after an acceptance by him enforce payment of the commission from appellant on that basis, unless appellant afterwards took advantage of their services and consummated the sale. We deem it sufficient for the purposes of this case to say that the evidence is insufficient to entitle the appellees to recover a commission for procuring a purchaser at the price stated in this proposition after its withdrawal by appellant.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

REINHARD, J., did not participate in the decision of this cause. GAVIN, J., absent.

Filed Dec. 21, 1894; petition for rehearing overruled Apr. 9, 1895.