## ADAMS *v.* McLAUGHLIN.

[No. 19,869.   Filed June 6, 1902.]

BROKERS.—*Commissions.*—*Complaint.*—A complaint by a real estate broker for commission alleging that defendant employed him to sell certain real estate agreeing to pay him a specified amount if he found a purchaser, and that he sold the land, that the owner executed a deed and received the purchase money, but refused to pay the commission, is good against a demurrer.  *p. 24.*

SAME.—*Commissions.*—*Evidence.*—In an action by a broker for commission for the sale of real estate, evidence offered by defendant that he had employed another broker who attempted to dispose of the farm to certain persons who had obtained information concerning it from plaintiff was properly rejected.  *pp. 24, 25.*

From Jay Circuit Court; *J. M. Smith,* Judge.

Action by Charles W. McLaughlin against Daniel L. Adams for commissions for sale of real estate. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901.  *Affirmed.*

*W. H. Williamson, F. H. Snyder* and *S. A. D. Whipple,* for appellant.

*J. J. Moran, E. E. McGriff* and *G. W. Bergman,* for appellee.

DOWLING, C. J.—Action by appellee, a real estate broker, to recover from appellant commissions alleged to be due upon a sale of a farm. The complaint was in two paragraphs. The first stated that the appellee was a real estate broker; that the appellant employed him to sell a tract of land situated in Jay county, containing eighty acres, and agreed to pay him a commission of $100 if he would find a purchaser for said real estate; that the appellee advertised said land, and afterwards sold it to one Beach for $3,000; that the purchase money was paid by Beach, and a deed was executed and delivered to him; that the appellee performed all of the conditions of said agreement on his part, but that the appellant refused to

pay said sum of $100, etc. The second paragraph of the complaint, in addition to the averments contained in the first, alleged that the appellant was the agent of one Bobb, who owned the real estate which appellee was employed to sell, and that the appellant had authority from the owner to sell said land, and employed the appellee to find a purchaser, etc. A demurrer to each of these paragraphs was overruled. The appellant answered in denial of the complaint. The cause was submitted to a jury for trial, and a verdict was returned for the appellee. Over a motion for a new trial, the court rendered judgment on the verdict. The errors assigned and not waived are the rulings of the court on the demurrers to the complaint, and on the motion for a new trial.

The complaint avers that the appellant employed the appellee to sell the real estate, and agreed to pay him $100 as commissions if he found a purchaser. It alleges that the appellee sold the land, and that the owner executed a deed to the purchaser, and received the purchase money. The pleading was sufficient. It stated the terms of the contract; performance by the appellee; a breach by the appellant; the special damages sustained by the appellee by reason of the breach; and that such damages were due and unpaid. Nothing more was necessary. No question as to the nature of the services to be performed by a real estate broker is presented by the demurrers, and the cases of *Stewart* v. *Murray,* 92 Ind. 543, 47 Am. Rep. 167, *Wilson* v. *Dyer,* 12 Ind. App. 320, and *Platt* v. *Johr,* 9 Ind. App. 58, referred to by appellant's counsel, do not apply.

Nineteen reasons are assigned for a new trial. Those discussed are the second, which is that the verdict was not sustained by sufficient evidence, and fifteen others founded upon the exclusion of evidence by the court. The evidence fully sustains the verdict. Indeed, the principal point of controversy, as shown by the testimony of the appellant himself, seems to have been whether the appellee should have

the whole commission of $100, or divide it with another broker who also had been employed by appellant to sell the land. But even if the statements of the appellant, as a witness on his own behalf, will not bear this construction, there was evidence which supported every allegation of the complaint, and the jury thought it of sufficient credibility and weight to entitle the appellee to a verdict.

The court refused to permit the appellant to prove by the appellee, and by witnesses Beach and Hearn, certain facts tending to show that Hearn, another broker, had some connection with the sale of the farm to Beach. The evidence was properly excluded. If the appellee was employed to sell the land, or to find a purchaser for it, and if he did find such purchaser and effect a sale, his right to compensation was not impaired by the fact that the appellant had employed another broker also, who attempted to dispose of the farm to some of the persons who had obtained information concerning it from the appellee. *Northwestern Life Ins. Co.* v. *Williams,* 98 Ind. 403, 407; *Hoadley* v. *Savings Bank, etc.,* 71 Conn. 599, 42 Atl. 667, 44 L. R. A. 321 and notes; *Platt* v. *Johr,* 9 Ind. App. 58, 60.

The motion for a new trial was properly overruled. Judgment affirmed.