Filed Nov. 17, 1888.

---

No. 13,428.

## RUNYON v. SNELL.

PRINCIPAL AND AGENT.—*Husband and Wife.*—The same principles govern dealings between a third person and an agent whose principal is his wife, as govern where the principal and agent are in other respects strangers; and one who purchases the wife's property through the agency of the husband must pay for it precisely as if he had purchased through any other agent.

SAME.—*Sale of Real Estate.*—*Payment.*—*Unauthorized Acceptance of Promissory Notes.*—Where a husband, who is acting as the agent of his wife in the sale of her real estate, accepts his own note and the note of a third

. person for the purchase-price, without authority to do so, the acceptance of such notes does not constitute payment, and the wife is entitled to affirm the contract and recover of the purchaser the agreed consideration.

SAME.—*Presumption.*—*Burden of Proof.*—There is no presumption that an agent, with authority to sell and accept payment for his principal, is authorized to receive his own notes or the notes of a third person in payment, but the burden is upon the purchaser to show affirmatively that the agent had such authority.

SAME.—*Statute of Limitations.*—Where payment, *sub modo,* of an admitted indebtedness has in fact been made to the agent in such manner that the principal is entitled to affirm or repudiate it upon learning the facts, the statute of limitations does not begin to run until the facts are known or the payment disaffirmed.

From the Delaware Circuit Court.

*G. H. Koons* and *J. F. Duckwall,* for appellant.

MITCHELL, J.—The plaintiff, Eliza A. Runyon, alleges in her complaint that, on the 5th day of November, 1877, she was the owner of a certain lot in the city of Muncie in Delaware county, of the value of eleven hundred dollars, which she on that day conveyed to the defendant, Solomon R. Snell, in consideration of an agreement on the part of the latter to convey to her certain real estate which he owned in the State of Iowa. It is alleged that after receiving the conveyance of the plaintiff's real estate, the defendant refused to convey the Iowa land in compliance with his contract, to the plaintiff's damage, etc. This action was commenced in the month of October, 1884.

The defendant answered by a general denial, the six years statute of limitations, and that he had fully paid and satisfied any claim or demand for money growing out of the alleged conveyance of real estate to him.

The cause was submitted to a jury, and upon a verdict duly returned there was judgment for the defendant.

After carefully considering the evidence, we are constrained to the conclusion that the court erred in overruling the plaintiff's motion for a new trial.

There is no dispute but that the real estate conveyed to the defendant was the separate property of the plaintiff, a married woman, and it is equally beyond dispute that she has never received the value of a farthing, either in money or property, for the conveyance. Of course, if she authorized her husband to sell her property, and received payment for it, and the defendant has made payment in good faith, the plaintiff can not now complain, even though her husband may have abused her confidence and violated his obligation and duty as her agent. It must be understood, however, that the principles which govern in dealing with an agent are the same, where the agent happens to be a husband whose principal is his wife, as where the principal and agent are in other respects strangers, and that one who purchases the property of a married woman through the agency of her husband must pay for it precisely as if he had purchased through an agent who sustained no such relation. With these principles in view, we proceed briefly to consider the evidence. Accepting the defendant's testimony as true, it appears that in 1877 he held certain notes against George W. Runyon, the plaintiff's husband, amounting to about three hundred dollars. He charged Runyon with having forged the name of another as surety upon one or more of the notes, and demanded that they be taken up. Mrs. Runyon had previously authorized her husband to sell her property, and he then proposed to sell it to the defendant. The latter agreed to purchase and pay five hundred and fifty dollars for the lot, and to turn in Runyon's notes, and another note, which the evidence tends to show was worthless, against one Glick, as part payment, and to pay the balance of the purchase-price in cash. This arrangement was consummated between Runyon and the defendant.

Both Mrs. Runyon and her husband testify, and we find no evidence to the contrary, that she was induced to believe that her property was being exchanged to the defendant for land in Iowa, and the evidence makes it clear beyond doubt that

she signed the deed conveying her property to the defendant under that belief.

There is no evidence which tends to show that she knew that her property had been sold, or that she authorized her husband to receive payment in the manner described. The defendant admits that she asked him again and again about the deed for the Iowa land. It may be conceded, for the purposes of this case, that Runyon had been guilty of forgery, and that he alone was instrumental in deceiving his wife, and that his motive in misleading her was to induce her to convey her property to the defendant so as to suppress any criminal prosecution which may have threatened him. The fact remains, nevertheless, that the defendant admits that he purchased Mrs. Runyon's separate property, and agreed to pay $550 for it, and that by an arrangement between himself and her husband he paid for it in the manner already described. In the absence of any evidence showing authority on the part of the husband to receive payment in that manner, or that the plaintiff subsequently ratified his acts, the acceptance of notes instead of money can not be regarded as payment. When a debtor claims to have paid his debt by the delivery of property; or through any other medium than money or commercial paper, he assumes the burden of proving that what was given was received in payment.

There is no presumption that an agent, with authority to sell and accept payment for his principal, is authorized to receive in payment notes of which he is the maker, nor can he be presumed to have authority to accept the notes of third persons in payment of purchase-money due his principal. *Robinson* v. *Anderson*, 106 Ind. 152.

One who purchases property of an agent, and attempts to prove payment by a method so extraordinary as that claimed by the defendant, is bound to show affirmatively that the agent had authority to receive payment in the manner claimed. *Stewart* v. *Woodward*, 50 Vt. 78 ; *Victor Sewing Machine Co.* v. *Heller*, 44 Wis. 265.

The defendant obtained the title to the plaintiff's property, as he asserts, through a contract made with her husband, to whom he also claims to have made payment. To the extent that he has paid for it otherwise than with money, he has made no payment at all, and the plaintiff is entitled, upon the defendant's own theory of the case, to affirm the contract and recover the unpaid purchase-price.

The plea of the six years statute of limitations is not proved. The defendant having assumed to pay an admitted indebtedness to the plaintiff's agent, in a particular manner, by the delivery of notes, it does not lie in his mouth to say that the plaintiff's right of action accrued, until she knew, or ought to have known, the facts, and repudiated the alleged payment.

Where payment, *sub modo*, of an admitted indebtedness has in fact been made to an agent in such manner that the principal is entitled to affirm or repudiate it upon learning the facts, the statute does not begin to run until the facts are known or the payment disaffirmed. The legal presumption of payment, growing out of the lapse of time which the statute raises, is repelled by the defendant's own showing that the payment relied on was such that the plaintiff had the right to repudiate it when the facts became known to her.

The judgment is reversed, with costs, with directions to the court below to sustain the plaintiff's motion for a new trial.

Filed Nov. 16, 1888.