The Kentucky and Indiana Cement Company *v.* Cleveland.

No. 352.

## THE KENTUCKY AND INDIANA CEMENT COMPANY *v.* CLEVELAND. •

PLEADING.—*Incomplete Writing.*—*Averment of Extrinsic Facts.*—If a writing is obviously incomplete and does not of itself constitute an enforceable contract, it is not only proper but necessary to allege and prove extrinsic facts in order to give it legal effect. A writing may form but part of an agreement, and when this fact appears from the instrument itself, the whole agreement, including both written and parol facts, should be alleged in the pleading.

RAILROAD.—*Personal Injuries.*—*Release of Damages.*—*Extrinsic Facts.*—Where, in an action against a railroad company, to recover for personal injuries, a writing was set out in the complaint which stated that in consideration of a sum of money, paid the plaintiff by defendant, and also in consideration of the payment of the doctor's fee, he waived all right to any and all claim for damages or otherwise against the company, it was not only proper but necessary to allege and prove extrinsic facts in order to give the writing legal effect, as it was incomplete and afforded the plaintiff no enforceable right without such extrinsic facts.

SAME.—*Paragraph of Answer in Another Suit.*—*Admissibility of in Evidence.*—When the plaintiff had sued the defendant in another action for the original injury, and the defendant had filed an answer of several paragraphs, among which was one setting up a settlement and release, it was not error to permit the plaintiff in the case at bar to introduce in evidence said paragraph as an admission against the pleader. It was not necessary to introduce the entire answer, as under the code in this State, each paragraph of answer must be sufficient within itself, and can not depend upon another for strength and support.

DAMAGES.—*Breach of Contract of Settlement.* — *Agreement to Pay a Certain Sum Per Diem.*—*Measure of Damages.*—In an action for the breach of a contract of settlement, whereby the defendant had agreed to pay the plaintiff a certain sum per day during the continuance of his disability, it was error to permit the plaintiff to prove his capacity to earn money prior to the injury, and for the court to instruct the jury that, if they found for the plaintiff, they should award him such damages as he may have sustained on account of the diminution of his ability to earn wages after the time the defendant ceased paying him under the settlement, and "for all future time thereafter," provided the injury was permanent in its character. There being no fraud or mistake charged in the case, and the complaint not seeking to rescind or set aside the settlement, the damages recoverable for the total breach of the agreement would be the present worth of the *per diem* during the probable duration of the disability, without regard to plaintiff's previous earning capacity.

The Kentucky and Indiana Cement Company *v.* Cleveland.

A plaintiff must recover upon the theory of his complaint or not at all.

From the Clark Circuit Court.

*M. L. Stannard,* for appellant.

*J. K. Marsh,* for appellee.

CRUMPACKER, J.—This action was brought by Cleveland against the Cement Company upon a complaint alleging in substance, that on the 21st day of February, 1888, the plaintiff was in the employment of the defendant as a carpenter, and, while so engaged, he received a severe personal injury, by falling from a scaffold upon which he was working; that said scaffold had been negligently constructed by the defendant, and such negligence was the cause of plaintiff's injury, and that it occurred without his fault; that on the 17th day of March, 1888, the defendant, admitting its liability, settled with plaintiff for the damages resulting from such injury, and agreed to pay him, in consideration of a release therefrom, the sum of one dollar and fifty cents a day during the time he should be disabled on account of such injury, and the expense of medical treatment occasioned thereby; that the terms of such settlement were accepted by plaintiff, and in pursuance thereof he executed to the defendant a written release as follows:

"JEFFERSONVILLE, IND., March 17, 1888.

"For and in consideration of amount of money paid me while disabled by reason of an accident, while in the employ of the Kentucky and Indiana Cement Company, and also in consideration of the payment of the doctor's fees while in attendance on me, I hereby waive all right to any and all claim for damages or otherwise against said company.                                his

"HEZEKIAH ✕ CLEVELAND.
                              mark.

"Witness: M. J. FOGARTY."

That under such settlement the defendant paid a bill for medical attendance upon plaintiff, amounting to $31.50, and paid plaintiff the stipulated *per diem* until July 7th, 1888, amounting to $175. That plaintiff's disability on account of said injury continued after said 7th day of July and still exists, so that he is unable to perform any kind of manual labor, but though often requested the defendant has failed and refused to perform the agreement since that date and still fails and refuses so to do, to the plaintiff's damage in the sum of five thousand dollars, for which he asks judgment.

A demurrer to the complaint was overruled; the cause was put at issue and tried by a jury, and resulted in a verdict in favor of plaintiff for five hundred dollars. Defendant's motion for a new trial was overruled, and judgment was rendered upon the verdict, from which it appeals.

It is maintained by counsel for appellant that the complaint is demurrable because it declares upon a parol agreement, and discloses that the final agreement of the parties was reduced to writing, thus merging all prior and contemporaneous parol arrangements; and it is further insisted that the writing shows no undischarged liability.

It is true, where parties have gone to the pains of reducing an agreement to writing, such writing, if complete on its face, will be held to be the sole repository of the ultimate intention of the parties upon the subject, and it can not be modified or contradicted by parol. But when the writing is obviously incomplete, and does not of itself constitute an enforceable contract, it is not only proper but necessary to allege and prove extrinsic facts, in order to give it legal effect. A writing may form but part of an agreement, and when this fact appears from the instrument itself, the whole agreement, including both written

and parol parts, should be alleged. *Freed* v. *Mills*, 120 Ind. 27.

The instrument under consideration is incomplete, and affords appellee no enforceable rights without the aid of extrinsic facts giving it legal shape and application. It contains no executory duty upon the part of the appellant, which may be enforced, in the absence of auxiliary provisions. It is unilateral in character, and in legal effect it is but a release from the damages consequent upon the injury, and to that extent it is valid. *Illinois, etc., R. R. Co.* v. *Welch*, 52 Ill. 183.

Besides, the consideration of a written instrument may always be enquired into by parol evidence, and recitals respecting the amount and payment thereof may be contradicted, except to the extent that the consideration might render nugatory some other substantial provision of a valid contract. *Wolfe* v. *McMillan*, 117 Ind. 587; *Cuthrell* v. *Cuthrell*, 101 Ind 375; *Stearns* v. *Dubois*, 55 Ind. 257; *City of Aurora* v. *Cobb*, 21 Ind. 492.

The complaint is not obnoxious to the objection urged against it.

It appeared upon the trial that in disregard of the settlement appellee had sued the appellant for the original injury, and in that case appellant filed an answer consisting of several paragraphs, among which was one setting up the settlement and release. It does not appear how that case was disposed of, but in the case at bar appellee was permitted to introduce in evidence the paragraph of answer in the former case, pleading the settlement. It is insisted that this was error because the entire answer was not introduced. It is firmly settled that pleadings filed in another case may be used in evidence against the pleader as admissions. Such admissions, however, are not conclusive, except in connection with a judgment upon the same subject-matter between the same parties or their privies. *Baltimore, etc., R. W. Co.* v. *Evarts*, 112

Ind. 533; *Boots* v. *Canine*, 94 Ind. 408; *McNutt* v. *Dare*, 8 Blkf. 35.

Under the code in this State each paragraph of answer must be sufficient within itself, and can not depend upon another for strength and support. This being the law, it is not improper to admit a single paragraph of a pleading, containing several. If any other paragraph of the answer contained statements tending to destroy the effect of the admissions contained in the one introduced, it would have been competent evidence on behalf of appellant had it been offered.

Evidence was admitted over appellant's objection, tending to prove appellee's capacity to earn money prior to the injury, and the court instructed the jury that if they found for the appellee they should award him such damages as he may have sustained on account of the diminution of his ability to earn wages, after July 7th, 1888—the time appellant ceased paying him under the settlement— " and for all future time thereafter," provided the injury was permanent in its character. This was unquestionably error. The complaint is not for the recovery of damages resulting from the injury, but for the breach of contract for settlement, and damages should have been awarded upon that theory. Disputants have the right to settle their differences out of court, and when such settlements are made courts will respect and enforce them, unless they are induced by fraud or mistake. *Huffman* v. *Cauble*, 86 Ind. 591.

There is no fraud or mistake charged in this case, nor does the complaint seek to rescind or set aside the settlement. Where a plaintiff undertakes to rescind a settlement he must show adequate grounds therefor, and restore or tender back what he may have received thereunder.

Appellee had received over two hundred dollars under the settlement, and he will not be allowed to treat the

matter settled to the 7th of July, 1888, in order to retain what he had so received and sue for damages resulting from the original injury after that date. According to the terms of the settlement appellee was to receive one dollar and fifty cents a day during the continuance of his disability, and the damages recoverable for the total breach of such agreement would be the present worth of the *per diem* during the probable duration of the disability, without regard to appellee's previous earning capacity. A plaintiff must recover upon the theory of his complaint, or not at all.

For the error in admitting the evidence and giving the instruction, the judgment must be reversed with instructions to grant a new trial. It is so ordered.

Filed March 17, 1892.