## BROADSTREET v. McKAMEY.

[No. 6,251.  Filed February 19, 1908.]

1.  TRIAL.—*Instructions After Verdict.*—The court has the right in a civil case, even after a verdict has been returned, but before the jury is discharged, to withdraw an erroneous instruction and to resubmit the case to the jury.  p. 272.

2.  APPEAL.—*Verdict too Small.*—Appellant will not be heard to complain that the verdict against him was too small.  p. 273.

3.  PRINCIPAL AND AGENT.—*Notes.*—*Evidence.*—*Circumstantial.*—Where the evidence showed that, without express authority, the father signed his son's name to a note as surety, such father being principal, and that it was the business custom for the father so to sign such son's name, the notes so signed being honored by the son, a verdict against the son will be upheld.  p. 273.

From Putnam Circuit Court; *P. O. Colliver*, Judge.

Action by Andrew V. McKamey against James A. Broadstreet and another.  From a judgment against Broadstreet, he appeals.  *Affirmed.*

*John H. James*, for appellant.

*James P. Hughes* and *John P. Allee*, for appellee.

ROBY, C. J.—Action on a promissory note by appellee against appellant, James A. Broadstreet, surety, and William Broadstreet, principal.  The appellant filed an answer of *non est factum*, and also a cross-complaint against the appellee and his codefendant, admitting the execution of the note and the signing of his name thereto by William Broadstreet, but averring that said William was without authority so to do, that he received no consideration, and that the signing of his name was a forgery.  The issues were closed by general denials.

The cause was tried by a jury, which returned a verdict for appellee for "$200, with interest at six per cent from date and $10 attorneys' fees."  After reading the verdict, the judge stated that it was not in proper form, and thereupon wrote a form of verdict, leav-

ing blanks for the amount of ascertained damages, which was given to the jury. At the same time he prepared and read a new instruction as follows: ''Gentlemen of the jury, I desire to withdraw the instruction heretofore given in this case in reference to the amount of recovery in this case, and give the following: In case you find for the plaintiff, it will be your duty to assess his damages in a total sum, including the principal of the note in suit with six per cent interest thereon from November 3, 1904, but you will allow nothing for attorneys' fees, as there is no proof as to the value thereof.''

The corrected verdict was returned assessing appellee's damages at $215.70.

The six assignments of error present two questions: (1) Did the court err in resubmitting the case to the jury and in instructing it not to include attorneys' fees? (2) Was the verdict and judgment sustained by the evidence? The judge has authority at any time before the jury is discharged to withdraw erroneous instructions. *Sage* v. *Evansville, etc., R. Co.* (1893), 134 Ind. 100, 107; *Rush* v. *Pedigo* (1878), 63 Ind. 479; *Hynds* v. *Hays* (1865), 25 Ind. 31, 33. Appellant argues that he would have been entitled to a new trial if such action had not been taken. He was saved the necessity of asking for a new trial. The amount of the verdict was reduced, and he cannot well be heard to complain when he got that to which he was entitled.

The evidence discloses that the note sued upon was executed by William Broadstreet, who signed thereto his own name and that of James A. Broadstreet, the appellant, who is his son, as surety. There was no showing that William Broadstreet had any express authority to sign the particular note in suit, but there was evidence that it was the business custom of the father and son for the father to sign both their names, the notes so

signed being honored by the son. The relation of principal and agent may be shown by circumstantial evidence alone (*Columbus, etc., R. Co.* v. *Powell* [1872], 40 Ind. 37; *Isbell* v. *Brinkman* [1880], 70 Ind. 118; *Indiana, etc., R. Co.* v. *Adamson* [1888], 114 Ind. 282); and the jury may consider the relationship of the principal and agent as one of the circumstances. *Barnett* v. *Gluting* (1892), 3 Ind. App. 415.

The finding is supported by sufficient evidence and the judgment is affirmed.