## GRAY *v.* GOOD ET AL.

[No. 6,750. Filed October 29, 1909.]

1. LIMITATION OF ACTIONS.—*Accounts.*—*Salary of Minister.*—The six-year statute of limitation applies to an account of a minister for services performed for a church. p. 477.

2. EVIDENCE.— *Introduction.*— *Rebuttal.*— *Impeaching One's Witness.*—After the close of plaintiff's case in chief, he cannot, except by leave of court, impeach his own witnesses by showing contradictory statements out of court, or introduce further evidence except to rebut the evidence of his adversaries. p. 477.

3. EVIDENCE.— *Exclusion.*— *Grounds.*— *Appeal.*—If excluded evidence was inadmissible on any ground, its exclusion will be upheld on appeal, regardless of the reason that the judge gave for such exclusion. p. 478.

4. TRIAL.— *Instructions.*— *Accounts.*— *Payments.*— *Authority.*— *Limitations.*—*Churches.*—An instruction that if the trustees, or a majority thereof, of defendant church corporation did not authorize a payment made to the plaintiff, a former minister of such church, the cause of action for services would be barred, if the last payment was made more than six years prior to the bringing of the action, is correct, a payment made by a mere member of such church being insufficient to prevent the running of the statute. p. 478.

5. RELIGIOUS SOCIETIES.—*Churches.*—*Corporate Acts.*—*Trustees.*— Religious societies in this State, whose trustees are incorporated, are liable, as such, only for the acts of such trustees. p. 479.

From Shelby Circuit Court; *Will M. Sparks,* Judge.

Action by Lee W. Gray against Warren Good and others, as trustees of the Second Baptist Church of Shelbyville, Indiana. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*J. B. McFadden,* for appellant.
*Carter & Morrison,* for appellees.

RABB, J.—The appellant in this case is a Baptist minister, and this action was brought against the Baptist Church of Shelbyville, to recover salary alleged to be due to appellant for services as pastor of the church. Among other answers made by appellees to appellant's complaint was the six-year statute of limitations. To this answer, appellant replied payments on the account sued on within six years. The claim sued on was one to which the six-year statute of limitations applied, and the evidence shows, without contradiction, that it accrued more than six years before the action was brought, so that it was essential to the appellant's case that he establish not only the claim, but that payment had been made thereon by appellees within the six years.

The only question presented by the record arises upon the ruling of the trial court in excluding from the evidence certain letters written to the plaintiff by Martha A. Hines, who at the time was clerk of the church organization, and in giving to the jury instruction seventeen.

The plaintiff called the writer of the letters in question as a witness in his own behalf, and after the examination of said witness and all others in his behalf he closed his case in chief. The defendants then introduced their evidence and closed the case. Thereupon the plaintiff offered the letters in question in evidence, for the purpose of

contradicting statements made by his own witness upon her proper cross-examination by defendants, and not in rebuttal to anything they had proved. After the close of their evidence, plaintiff was not entitled to introduce any further evidence, except such as met and rebutted the evidence produced by his adversaries, unless the court in its discretion first granted him leave to do so.

It is claimed that the letters in question were competent on two grounds: (1) That, being written by the official clerk of the church, they were competent to go in evidence as the admission or declaration of appellees; (2) that they were competent to contradict appellant's witness. If competent for either purpose, they were not competent in rebuttal. While a party has the right to impeach his own witness by contradictory statements made out of court, it is essential that if he desires to affect or lessen the value of the testimony he has given, he should do so before closing his case.

It is insisted that the ground upon which the court based its ruling in rejecting this testimony is not tenable. It makes no difference what reason the court below assigned for its ruling, the appellant in this court must show by the record some reversible error, and if the ruling of the lower court can be sustained upon any ground, it will not be disturbed.

The instruction complained of was as follows: "The defendants in this case constitute a church corporation, and no one except the trustees of said church, or a majority of them, acting in the capacity of trustees, and not as individuals, could have authorized or directed a payment by such church on the demand of the plaintiff, and if you find from the preponderance of the evidence that money was paid by someone to the plaintiff, after he ceased to serve the defendants as a pastor, but said trustees, or a majority of them, as such, did not authorize such payment, and did not direct such payment to be made, then such payment or pay-

ments would not authorize you to return a verdict for the plaintiff, if you find that the defendants were denying that they owed the plaintiff anything, and that six years had passed between the last payment made to him by the defendants, and before the commencement of this action.''

As we understand, appellant's objection to this instruction is that the trustees of the church corporation had nothing to do with the creation of a liability against the corporation for the minister's salary, and that in order to avoid the bar of the statute of limitations against appellant's action, any payment made by any person to appellant on account of salary would be binding upon the corporation. This contention cannot be sustained. Religious societies in this State, whose trustees are incorporated, present a threefold aspect: (1) The persons who usually meet together for the purpose of religious worship; (2) the church, strictly so called an ecclesiastical body, composed of those persons entitled to full church privileges; (3) the legal corporate body, composed of the board of trustees. Each of these divisions acts separately, and the efficacy of the respective acts of each, how each body is to be rendered responsible therefor, and how its respective duties and obligations are to be enforced, sometimes become important inquiries. So said the supreme court of New Jersey, in *Miller v. Trustees, etc.* (1837), 16 N. J. L. 251. Here it is sought to enforce an obligation against the corporation that can act only through its trustees. No one else is authorized to speak for it. The instruction relates, not to alleged unauthorized acts of the trustees, but to the binding effect upon the corporation of the unauthorized act of others than the trustees. In the case cited, it was held that no action would lie against the church corporation by a pastor of the church, unless pursuant to a contract, express or implied, with the trustees. We think no error intervened in the giving of this instruction, and that no reversible error is presented by the record.

Judgment of the court below affirmed.