## Stockwell v. Whitehead.

[No. 7,195.   Filed April 7, 1911.]

1. Appeal.—*Assignments of Errors.*—*Instructions.*—*Exceptions.*—*Waiver.*—Where appellant failed to comply with statutory requirements in taking exceptions to the giving or refusal of instructions, assignments of errors based on alleged errors therein, are waived.   p. 426.

2. Appeal.—*Briefs.*—*Waiver.*—*Instructions.*—Where the questioned instructions are not set out in terms or substance in appellant's brief, questions thereon are waived.   p. 427.

3. Appeal.—*Briefs.*—*Waiver.*—Points not discussed are waived.   p. 427.

4. CONTRACTS.—*Principal and Agent.—Complaint.—Averments.*—A complaint alleging that the subscribers to a highway construction enterprise, "including the defendant," appointed a named person "as their agent to contract for the construction and improvement of said highway," shows by direct allegation that defendant employed such person as her agent to secure the performance of such work. pp. 427, 428.

5. CONTRACTS.—*Partly Written.—Partly Oral.—Complaint.*—A complaint for the breach of a contract partly written and partly oral must set out the entire agreement—written and oral. p. 428.

6. CONTRACTS.— *Agency.— Roads.— Construction.— Complaint.— Variance.*—Where a complaint alleged that defendant's agent executed a contract with the plaintiff for the construction of a rock road in accordance with an agreement set out as an exhibit, and the exhibit purported to be for the purchase of one thousand yards of broken rock for the improvement of such road, no material variance is shown between the complaint and exhibit, but if there had been a variance, the exhibit would be controlling. p. 428.

7. APPEAL.—*Harmless Error.—Variance Between Complaint and Exhibit.—Amendment.*—A variance between a complaint and an exhibit thereto may be corrected by amendment, and therefore the overruling of a demurrer to the complaint, otherwise sufficient, constitutes harmless error on appeal. p. 429.

8. CONTRACTS.— *Breach.— Complaint.— Conflicting Exhibits.*— An exhibit to a complaint, stating that the purchase of the stone was "for the improvement of Slaughter avenue beginning at the city limits on the east side of the city of Evansville, extending thence east a distance of one mile or more," sufficiently shows that the improvement began at the city limits and extended one mile out. p. 429.

9. HIGHWAYS.—*Subscriptions.—Actions on.—Conditions Precedent. —Evidence.*—Where, in an action on a subscription for the construction of a highway, a provision therein stated that "the county commissioners agree to receive the road when completed and keep it in repair," it is not necessary to prove that the county commissioners had agreed to keep such highway in repair, such agreement not being a condition precedent to the payment of the subscription. p. 429.

10. PRINCIPAL AND AGENT.—*Authority.—Evidence.*—An agency may be established by appointment in writing, by parol, or by circumstances. p. 430.

11. EVIDENCE.—*Parol.—Explaining Writings.—Contracts.*—Parol evidence is admissible to apply a written contract to the subject-matter thereof, and to remove any uncertainty. p. 430.

12. CONTRACTS.—*Written.—Oral Evidence to Apply.—Agency.*—In an action on a highway subscription providing that the sub-

scribers agree to pay their subscriptions to G. to be in turn paid to the township trustee, all moneys so paid "to be used only for the improvement of" the described road, oral evidence is admissible to show that W. was township trustee and that he was thereby authorized to receive and expend the subscriptions for the purpose as agent of the subscribers. pp. 430, 431.

13. EVIDENCE.—*Oral.—Contradicting Writings.*—Oral evidence is not admissible to vary, enlarge, or contradict a writing, but is admissible to explain it. p. 431.

14. PRINCIPAL AND AGENT.—*Authority.—Jury.*—Whether an agent, upon the evidence, had authority under a subscription contract to execute the contract sued upon is a question for the jury. p. 432.

15. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 432.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Action by Bennett Whitehead against Mary S. Stockwell. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*William Reister,* for appellant.

*Spencer, Brill & Hatfield,* for appellee.

IBACH, J.—This action was brought in the lower court by appellee against appellant, to recover the amount of a subscription for the improvement of a public road in Vanderburgh county, Indiana, known as Slaughter avenue, for which improvement appellant and a large number of other persons agreed to donate certain amounts set opposite their respective names upon a certain subscription list. All the subscribers paid the amounts donated, except appellant, who, it appears, subscribed $300, and upon her refusal to pay, this action was brought.

The agreement sued upon, which was made a part of the complaint and marked exhibit A, is, exclusive of names and amounts, as follows:

"It being the desire of the property owners abutting on and near Slaughter avenue, and others interested in the improvement of Slaughter avenue, to improve, with broken rock, said road, beginning at the city limits and

to extend at least one mile out, we, the undersigned, agree to pay James Genter, collector and treasurer, such funds as may be subscribed, to be in turn paid by said Genter to the trustee of Knight township, the amounts set opposite our names, one-half of the amounts subscribed to be paid in thirty days and one-half within sixty days from the date the whole amount is subscribed. All moneys paid to said Genter and to the trustee of Knight township to be used only for the improvement of the stretch of road above mentioned. The county commissioners agree to receive the road when completed and keep it in repair.''

Plaintiff alleged in his complaint, ''that by the terms of this agreement defendant agreed to pay to the trustee of Knight township, for the use and benefit of whoever would construct and improve a certain part of Slaughter avenue with broken rock, the sum of $300''; that there were a number of abutting property owners who subscribed amounts set opposite their respective signatures for such purpose, and that these subscribers appointed Louis Weinsheimer, the trustee of Knight township, Vanderburgh county, Indiana, as their agent, to contract for the construction of a rock road in accordance with said agreement and petition. A copy of this contract is made a part of the complaint and is marked exhibit B.

Upon the overruling of appellant's demurrer to the complaint, for want of sufficient facts, she filed her answer in five paragraphs: The first, a general denial; the second, third and fourth alleging that certain conditions, upon which she signed the subscription list, were unperformed, and the fifth, denying the execution of the subscription list sued on. There was a verdict and judgment for appellee in the sum of $328.15.

The errors assigned question the action of the trial court in overruling appellant's demurrer to the complaint and in overruling her motion for a new trial. The

1. assignment relative to instructions given need not be considered, because it nowhere appears in the record

that appellant took any exceptions to the instructions given by the trial court, in compliance with the statutory requirements. The assignment relative to the refusal on the part of the trial court to give certain instructions requested by appellant need not be considered for the same reason, and for the further reason that appellant's brief does not contain a copy of the instructions nor a succinct statement thereof, as required by rule twenty-two of the Supreme and Appellate Courts. The sixth and seventh specifications question the admission of certain evidence, over the objection of appellant, and the eighth questions the overruling of appellant's motion to strike out certain evidence. These, however, are not presented for our consideration, and are waived by failure to discuss them.

This leaves for consideration the overruling of appellant's demurrer to the complaint, and two of the reasons assigned for a new trial, (1) the verdict is not sustained by sufficient evidence, and (2) the verdict is contrary to the law and the evidence.

Appellant insists that the complaint does not allege any contractual relation between appellant and appellee, on the grounds that the subscription paper says nothing about the appointment of an agent, that therefore the complaint, taken in connection with exhibit A, is insufficient, and that the complaint does not show the appointment of Weinsheimer as agent of appellant, except by recital. The complaint specifically avers, not as a recital, but as an allegation of substantive fact, "that the above-mentioned subscribers, including defendant, appointed Louis Weinsheimer, at that time the duly qualified and acting trustee of Knight township, as their agent to contract for the construction and improvement of said highway." Exhibit B was a contract made by Weinsheimer with appellee providing for the improvement of Slaughter avenue with broken rock, thus carrying out the terms and provisions

found in exhibit A for and on behalf of all the parties interested in the improvement. If the fact of his
5.   agency was not apparent from exhibit A, but instead must be proved by parol, such fact must necessarily be alleged in the complaint to admit of proof upon this branch of the case. A writing may form but part of an agreement, and when this fact appears from the instrument itself, the whole agreement, including both the written and the parol facts, should be alleged in the pleadings. *Kentucky, etc., Cement Co.* v. *Cleveland* (1892), 4 Ind. App. 171; *Freed* v. *Mills* (1889), 120 Ind. 27.

Whether the selection of Weinsheimer as the representative of the contributors to the road fund, to act for them in having the road improved, could be gathered from
4.   the writing itself, or whether that part of the agreement would have to be shown by parol, the complaint alleged his agency, and a contractual relation between appellant and appellee sufficiently to withstand demurrer.

Appellant insists that even if Weinsheimer was duly appointed agent, yet the contract which he made with appellee is not in accordance with the allegations of the complaint; that the contract which he made with appellee, which was made a part of the complaint and
6.   marked exhibit B, is "for the purchase of 1,000 yards of broken rock or crushed stone for the improvement of said Slaughter avenue," while the complaint alleges that "said trustee * * * executed a contract with plaintiff for the construction of a rock road in accordance with said agreement."

The agreement here referred to is the subscription paper which is the foundation of the action, and is marked exhibit A. This exhibit sets out the desire of the property owners "to improve with broken rock" said road, and that all moneys paid to the trustee are "to be used only for the improvement of the stretch of road before mentioned." Clearly the contract with appellee, marked exhibit B, is in ac-

cordance with the agreement marked exhibit A, for the latter agreement certainly authorizes the money subscribed to be used for the purchase of broken rock for the improvement of Slaughter avenue. This may not be literally the "construction of a rock road," as alleged in the complaint, but it is substantially the same. The variance between the complaint and the exhibit is immaterial, but even if such variance were material the exhibit would control. A variance between a copy of an instrument filed with a pleading as an exhibit, forming the basis of the action, and the averments of the pleading, can be avoided by an amendment, and therefore will be disregarded on appeal. 1 Woollen, Trial Proc. §2466; *Singleton* v. *O'Blenis* (1890), 125 Ind. 151; *Chaney* v. *State, ex rel.* (1889), 118 Ind. 494.

It is also insisted that the contract, marked exhibit B, is not in accordance with exhibit A, as alleged in the complaint, because it does not state that the improvement shall begin at the city limits and extend one mile out. This objection is without merit. The contract, exhibit B, expressly states that the purchase of stone is "for the improvement of Slaughter avenue, beginning at the city limits on the east side of the city of Evansville, extending thence east a distance of one mile or more." The complaint is sufficient.

Appellant assigns as a reason for a new trial that the verdict is not sustained by sufficient evidence, and that there was no evidence presented that the county commissioners agreed to receive the road when completed and keep it in repair. Appellee was not required to allege and prove this, as it was not a condition precedent to the payment of the subscription. The acceptance of the road was not, by the terms of this clause, to be made until the road was completed. The money was to be used for the construction of the road, and a time was fixed at which it should become due, with no reference to the completion

thereof. It appears that the last subscription was made on November 27, 1906. By the terms of the subscription paper, one-half of the money subscribed became due in thirty days from that time, and one-half in sixty days. The road was not completed until April 14, 1907, after all the money was due by the terms of the agreement, and from the nature of the work intended, it would be extremely improbable that the road could be finished within sixty days from the time of the last subscription, so it is not likely that this could have been understood by any of the signers as a condition precedent, which it was not.

The principal question in the case before us is whether Weinsheimer was appointed agent by appellant, and, as such, had authority to bind her in the contract with appellee. It is well settled that agency may be established by appointment in writing, by parol, or by circumstances. Mechem, Agency §81; Ewbank, Ind. Trial Ev. §720; Indiana, etc., R. Co. v. Adamson (1888), 114 Ind. 282.

Appellant claims that the appointment of Weinsheimer was not sufficiently shown by the writing marked exhibit A. For the purpose of applying the terms of a contract to its subject-matter and removing any uncertainty from such application, parol testimony is admissible. Ransdel v. Moore (1899), 153 Ind. 393, 53 L. R. A. 753; Stoops v. Smith (1868), 100 Mass. 63, 97 Am. Dec. 76.

Exhibit A shows on its face that the money subscribed was to be paid by the subscribers to James Genter, collector and treasurer, to be paid by him to the trustee of Knight township, and this money was to be used only for the improvement of the portion of the road mentioned. By this contract Weinsheimer was to use the money to improve the road, and it could not be used for any other purpose. It is doubtful whether this contract could be interpreted without the aid of extrinsic evidence as showing

anything else than that Weinsheimer was appointed the special agent of the subscribers. In what other capacity could he be acting? For what other purpose was his name put in the contract? If he had authority to receive the money, certainly the subscribers intended that it should be paid out by him to such person entitled to receive it for the improvement desired by all persons who had subscribed therefor. This does not appear in specific terms, but when we take into consideration the character of the paper signed, and the object in view, it is clear that it was the intention of all the persons interested to have such township trustee act for them in the improvement of said road.

While it is true that parol evidence is not admissible to vary, enlarge or contradict the terms of a writing, it is admissible to explain its terms. So the evidence of De Camp—that he told appellant at the time she signed the subscription agreement that Weinsheimer was to be agent and make the contract—was competent as applying the terms of the contract to its subject-matter, and as tending to show the relation of the trustee of Knight Township to the fund placed in his hands. This evidence was also competent to determine the entire contract, for it is fully established that if a contract appears to be incomplete, resort may be had to oral evidence to determine the entire contract. *Burton* v. *Morrow* (1893), 133 Ind. 221; *Kentucky, etc., Cement Co.* v. *Cleveland, supra; Pennsylvania Co.* v. *Dolan* (1893), 6 Ind. App. 109, 51 Am. St. 289; *Thomas* v. *Troxel* (1901), 26 Ind. App. 322; *Evansville, etc., R. Co.* v. *Shearer* (1858), 10 Ind. 244; *Bell's Admrx.* v. *Golding* (1866), 27 Ind. 173; *Mace* v. *Jackson* (1871), 38 Ind. 162; *Martindale* v. *Parsons* (1884), 98 Ind. 174; *Clark* v. *Crawfordsville Coffin Co.* (1890), 125 Ind. 277; *Willis* v. *Fernald* (1868), 33 N. J. L. 206.

The lower court did not err in the admission of the testimony of the witness, De Camp, so far as it explained the written instrument. Appellant admitted signing the in-

strument. De Camp testified that the instrument was read to her, its provisions explained, and that she was told that Weinsheimer was to be agent and make the contract. The instrument forming the basis of the action shows on its face, at least, that Weinsheimer was an agent to receive money, and that he was to use this money for the improvement of the road. It was a question of fact for the jury as to whether the evidence showed his authority to make the contract with appellee and bind appellant. They so found, and there is evidence tending to sustain that finding. This evidence is contradicted by the testimony of appellant, but the rule is too well settled to need discussion, that when there is evidence tending to sustain the verdict, and where the verdict has met with the approval of the trial court, appellate courts will not enter into the question of the weight of evidence, and disturb the verdict of the jury on that ground.

No error appearing in the record, the judgment is affirmed.