## Roper v. Cannel City Oil Company.

[No. 9,641.   Filed December 11, 1918.]

1.  Husband and Wife.—Agency.—A husband may act as agent for his wife and bind her by note.  p. 640.
2.  Husband and Wife.—Agency.—Evidence.—Though the existence of the marital relation does not establish the relation of principal and agent between husband and wife, such fact may be considered as a circumstance in determining the question.  p. 640.
3.  Husband and Wife.—Agency.—Evidence.—The relation of agency between husband and wife is governed by the same principles that apply to other agencies.  p. 640.
4.  Husband and Wife.—Principal and Agent.—Evidence.—To establish the relation of agency between husband and wife, the evidence must be clear and satisfactory and sufficiently strong to explain and remove the equivocal character in which the wife is placed by reason of the marital relation.  p. 640.
5.  Principal and Agent.—Proof.—The relation of principal and agent may be shown by circumstantial evidence.  p. 640.
6.  Appeal.—Evidence.—Sufficiency.—The court on appeal, in determining the sufficiency of the evidence, is limited to a considera-

tion of that most favorable to the appellee, including such inferences in its favor as the jury might have reasonably drawn therefrom.  p. 641.

7. HUSBAND AND WIFE.—*Relation of Principal and Agent.—Evidence.*—In an action against a married woman on a promissory note, evidence is *held* sufficient to show that the husband had authority to execute the note as agent for the defendant.  p. 641.

8. TRIAL.—*Province of Jury.*—The jury had the right to consider and weigh all the evidence, including such fair and reasonable inferences as might be drawn therefrom.  p. 643.

9. APPEAL.—*Review.—Verdict.—Evidence.*—Where there is some evidence to sustain the verdict as to every material issue tendered, the evidence will be held sufficient on appeal.  p. 643.

10. APPEAL.—*Rulings on Evidence.—Reasons.*—If the ruling of the trial court in excluding evidence can be sustained for any reason, it will not be ground for reversal on appeal.  p. 644.

11. WITNESSES.—*Conclusions.*—The question, "Tell the court and jury all the facts and circumstances of the transaction in which the note in suit was given," was objectionable as calling for the conclusion of the witness.  p. 644.

12. APPEAL.—*Rulings on Evidence.—Discretion of Trial Court.— Review.*—The court on appeal will not review the action of the trial court in refusing to permit a witness to answer-a question which was leading and called for a conclusion, unless such refusal was an abuse of the broad discretion of the court in controlling the reception of the evidence.  p. 645.

13. TRIAL.—*Offer to Prove.—Contents of Instruments.*—Offered evidence involving the witness's interpretation of written instruments not before the court was incompetent; hence, error may not be predicated on the action of the court in refusing to permit the witness to answer.  p. 645.

14. APPEAL.—*Briefs.—Presenting Errors.—Review.*—In view of rules governing the preparation of briefs, the appellant waived any grounds urged in his motion for new trial to which no specific reference was made in the points and authorities of his brief.  p. 645.

From the St. Joseph Superior Court; *George Ford,* Judge.

Action by the Cannel City Oil Company against Ella M. Roper. From a judgment for the plaintiff, the defendant appeals. *Affirmed.*

*Ralph S. Feig, John W. Schindler* and *Stuart Mc-Kibbin,* for appellant.
*Van Fleet, Hubbel & Dinnen,* for appellee.

BATMAN, J.—This is an action by appellee against appellant on a promissory note. The complaint was answered by a general denial and a plea of *non est factum.* The cause was tried by a jury, which returned a verdict in favor of appellee, and on which judgment was rendered against appellant for $625 and costs. A motion for a new trial was filed and overruled. This action of the court constitutes the sole error on which appellant relies for a reversal.

Appellee contends that this appeal cannot be considered on its merits, because the transcript is not properly authenticated. This question was determined adversely to appellee in ruling on its motion to dismiss the appeal, and requires no further consideration. It is also contended that appellant's brief is defective in certain particulars, but, in view of the conclusion we have reached with reference to the merits of the case, it will not be necessary to pass upon such questions.

Appellant contends that the verdict is not sustained by sufficient evidence. She bases this contention on a claim that the uncontradicted evidence shows that she did not execute the note in person, but that her name was signed thereto by her husband; that there is no evidence that her said husband had authority to execute the note as her agent, and that the uncontradicted evidence shows that he had no such authority. In considering this contention it may be well to note certain pertinent rules, which may be accepted as settled.

A husband may act as agent for his wife and bind her by note. *Wasem* v. *Raben* (1910); 45 Ind. App. 221, 90 N. E. 636. The mere fact of the marital relation, however, does not establish such agency. 21 Cyc 1663; 13 R. C. L. 1168. But such fact may be considered as a circumstance in determining the question of agency. 21 Cyc 1240; *Barnett* v. *Gluting* (1891), 3 Ind. App. 415, 29 N. E. 154, 927. The relation of agency between husband and wife is governed by the same principles which apply to other agencies. 15 Am. and Eng. Ency. Law (2d ed.) 855, 856; *Runyon* v. *Snell* (1888), 116 Ind. 164, 18 N. E. 522, 9 Am. St. 839; *Wasem* v. *Raben, supra*. But, to establish such relation between husband and wife, the evidence must be clear and satisfactory and sufficiently strong to explain and remove the equivocal character in which the wife is placed by reason of the marital relation. *Rowell* v. *Klein* (1873), 44 Ind. 290, 15 Am. Rep. 235. The relation of principal and agent may be shown by circumstantial evidence alone. *Indiana, etc., R. Co.* v. *Adamson* (1888), 114 Ind. 282, 15 N. E. 5; *Broadstreet* v. *McKamey* (1908), 41 Ind. App. 272, 83 N. E. 773; *Ellison* v. *Flint* (1909), 43 Ind. App. 276, 87 N. E. 38; *Stockwell* v. *Whitehead* (1911), 47 Ind. App. 423, 94 N. E. 736. This rule has been applied where the relation of principal and agent between husband and wife was involved. *Lindquist* v. *Dickson* (1906), 98 Minn. 369, 107 N. W. 958, 6 L. R. A. (N. S.) 729, 8 Ann. Cas. 1024; *Barnett* v. *Gluting, supra*.

It is also well settled that, in determining the sufficiency of the evidence, this court is limited to a con-

sideration of that most favorable to appellee, including such inferences in its favor as the jury might have reasonably drawn therefrom. *Southern Product Co.* v. *Franklin Coil Hoop Co.* (1915), 183 Ind. 123, 106 N. E. 872.

In this case the evidence favorable to appellee tends to show that the note in suit was given in part payment of stock in the Cannel City Oil Company, the appellee herein; that the purchase of the stock was made by James A. Roper, the husband of appellant, who executed the note in suit by signing her name thereto and making delivery thereof; that appellant and said James A. Roper had lived together as husband and wife for about forty-five years; that appellant during said time had acquired considerable property, some of which had come to her as gifts from her said husband; that her said husband had been actively engaged in business during said time, and had been entrusted with the management of much of her business both prior and subsequently to the execution of the note in suit; that appellant was the owner of a large amount of real estate, but she could not tell where all of it was located, and had but little idea of the value of any of it. She first testified that the only personal property she owned was some household furniture and trinkets. She afterwards recalled that she owned stock in the Roper Furniture Company and at least three banks and trust companies, but she could not tell the amount of stock which she owned in any of them or give an estimate of its value. When testifying she said she was not able to remember that she owned any other personal property, but her husband testified that she was the owner of a large amount of other personal

property, with which he appeared to be familiar, consisting of stocks, bonds and notes in and against various companies, aggregating in value many thousands of dollars. After her husband had so testified she made no denial of such ownership, nor explanation of the fact that while she claimed to transact her own business without material aid from her husband, she was not able to remember that she was the owner of such property. Neither did she give any evidence to indicate that she knew when, where, or of whom, or at what cost, any of it was acquired. There was also evidence tending to show that appellant received her first information as to the pendency of this action in May or June, 1915, through certain papers received by mail at Little Rock, Arkansas, where she was then staying; that she did not return from Little Rock until the following July, and in the meantime did not communicate with her husband regarding the note, and did not inquire with reference to his signing the same until recently; that she did not employ attorneys to make a defense for her, but left that to her husband; that she did not see her attorneys nor communicate with them with reference to the matter until the week preceding the trial in October, although the suit had been pending since the preceding June. When appellant was asked if she did not know that it was a fact that her husband did not have any property at all, that it was all in her name, and that he had to do business in her name with everybody, she answered that she did not know. Some of the answers of appellant to questions propounded by counsel for appellee manifested an attempt to evade certain material facts pertinent to the main question at issue. These facts and circumstances, when considered in connection

with the reasonable inference which the jury might have drawn therefrom, afford some evidence that the husband of appellant was vested with the necessary authority to purchase the stock in question for her, and to execute the note in suit on her behalf as an incident thereto.

True, appellant and her husband both denied the existence of any such authority, but the jury had a right to consider and weigh all the evidence, 8. including such fair and reasonable inferences as might be drawn therefrom. In doing so it may have been entirely justified in disregarding such denials, and concluding that the evidence as a whole was sufficient to establish the alleged agency.

There was not only some evidence to sustain the verdict in that regard, but also as to every other material issue tendered. Under these circum- 9. stances the evidence is sufficient on appeal. *Dorrell* v. *Herr* (1915), 184 Ind. 445, 111 N. E. 614; *National Life Ins. Co.* v. *Headrick* (1916), 63 Ind. App. 54, 112 N. E. 559. In reaching this conclusion we have not been unmindful of the rules cited by appellant's learned counsel in their able brief, as to the character of the evidence necessary to establish the relation of agency between husband and wife, and the authority of an agent to execute negotiable paper on behalf of his principal. We do not controvert these rules, but their application does not require that a new trial be granted where there is some evidence to sustain the verdict. It is proper that they be applied in weighing the evidence, and, where a trial is had before a jury, as in the instant case, it should be properly instructed in that regard. The record discloses that the jury was given proper and

specific instructions in these matters. It thereafter returned a verdict for appellee, which the trial court approved by overruling appellant's motion for a new trial. There was some evidence to sustain the verdict even in the light of these rules, and we must therefore adhere to the conclusion we have reached. We find no grounds for holding that the verdict is contrary to law.

Appellant also predicates error on the action of the court in refusing to permit the witness, James A. Roper, to answer the following question: "Tell the court and jury all the facts and circumstances of the transaction in which the note in suit was given?"

It is a well-recognized rule that, if the ruling of the trial court in excluding evidence can be sustained for any reason, it will not be ground for reversal on appeal. *Baldwin* v. *Threlkeld* (1893), 8 Ind. App. 312, 34 N. E. 851, 35 N. E. 841; *Leach* v. *Dickerson* (1895), 14 Ind. App. 375, 42 N. E. 1031; *Haas* v. *Cones Mfg. Co.* (1900), 25 Ind. App. 469, 58 N. E. 499; *Gray* v. *Good* (1909), 44 Ind. App. 476, 89 N. E. 498.

The question under consideration is objectionable because it calls for a conclusion of the witness as to what facts and circumstances were involved in the transaction about which inquiry was made, rather than what was said and done with reference thereto. To have permitted the witness to answer the same might have prevented appellee from excluding incompetent and irrelevant evidence by interposing timely objections.

A trial court must be permitted to exercise large discretion in controlling this element of practice, and

its action, unless plainly an abuse of discretion prejudicial to the complaining party, will not be reviewed on appeal. *Clark* v. *Field* (1880), 42 Mich. 342, 4 N. W. 19; *Pumphrey* v. *State* (1909), 84 Neb. 636, 122 N. W. 19, 23 L. R. A. (N. S.) 1023, 18 Ann. Cas. 979. Moreover, the offer to prove made by appellant involved, among other things, the witness's interpretation of certain written instruments not before the court. To this extent the offered evidence was not competent. It has been held that the only offer upon which error can be successfully alleged is one which contains no incompetent evidence. *Indianapolis, etc., Transit Co.* v. *Hall* (1905), 165 Ind. 557, 76 N. E. 242. We therefore conclude that appellant's contention respecting the exclusion of the offered evidence cannot be sustained.

The motion for a new trial contains other reasons in support thereof, which are not considered, as appellant has waived the same by failing to make any specific reference thereto in his propositions or points, as required by the rules governing the preparation of briefs. *Buffkin* v. *State* (1914), 182 Ind. 204, 106 N. E. 362; *Merchants' Nat. Bank* v. *Nees* (1916), 62 Ind. App. 290, 110 N. E. 73, 112 N. E. 904.

We find no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 121 N. E. 96.