RUBENS *v.* UNITED STATES CASUALTY COMPANY.

[No. 9,776. Filed April 18, 1919.]

1. PLEADING.—*Complaint Founded on Written Instrument.—Variance.*—In an action on an accident insurance policy, where the averments of the complaint as to the terms of the policy vary from the provisions thereof, the provisions of the policy control. p. 37.

2. INSURANCE.—*Accident Insurance.—Construction of Policy.—Beneficiary Indemnity.—Cause of Injury.*—An accident insurance policy insuring against injury to the beneficiary while a passenger in a railroad passenger car, steam vessel, passenger elevator, or in consequence of the burning of a building, does not cover death resulting from injury while in an automobile. p. 39.

From Marion Superior Court (101,979); *W. W. Thornton,* Judge.

Action by George B. Rubens against the United States Casualty Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Guilford A. Deitch* and *Frank G. West,* for appellant.

*Fesler, Elam & Young,* for appellee.

NICHOLS, J.—This was an action by the appellant to recover on a policy of accident insurance in the sum of $5,000, under a provision entitled "Beneficiary Indemnity," on account of the death of appellant's sister, Dessa Rubens, who was the beneficiary named in the policy.

Appellee's demurrer to the appellant's amended complaint was sustained, to which ruling the appellant excepted, and refused to plead further. Judgment was rendered against appellant. From the ruling of the court in sustaining the demurrer to the amended complaint, the appellant appeals. This is the only error assigned.

So much of the complaint as is necessary to this decision is as follows: "Plaintiff says that several days preceding the issue of the policy hereinafter referred to, he was solicited by one of the defendant's agents to make application for said policy; that as one of the inducements to making said application, the said agent represented to plaintiff that said policy would not only cover him against all of the risks insured by said policy, but would also insure the beneficiary to be named in said policy against any loss so long as the same resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means; that at said time said agent called plaintiff's attention to section 10 of the form of policy issued to him entitled "Beneficiary Indemnity" and represented and stated to plaintiff that in the event of the death of the beneficiary named by him, if said death was caused by bodily injury effected solely through external, violent and accidental means, or in the event of any of the losses set forth in the schedule of "Beneficiary Losses" arising from injuries so caused, there would be paid to him the sum so specified in such schedule for the loss so sustained; and then and there stated to plaintiff that by subdivisions 1, 2, 3 and 4 of said section 10 it was intended to fix the amount payable on account of any accident so caused but not

to limit the scope of the risk or to make the right to recover beneficiary indemnity depend in any way upon the manner or place in which the injury was sustained, so long as it was solely through external, violent and accidental means. Plaintiff says that he relied upon the statements and representations made by said agent, and upon the construction placed by said agent on the language employed in said policy and so relying made application to the defendant for the policy sued on.''

The policy was issued October 19, 1909, and thereafter renewed from time to time, thereby covering the time of the accident hereinafter mentioned. A copy of the policy, marked ''Exhibit A,'' is made a part of the complaint. Appellant avers his interpretation of section 10 of the policy, but we do not quote this part of the complaint, as the section itself, as hereinafter set out, controls the averments. *Harrison Bldg., etc., Co.* v. *Lackey* (1897), 149 Ind. 10, 14, 48 N. E. 254. It is further averred that the said beneficiary, Dessa Rubens, who was over eighteen and under sixty years of age, on July 2, 1915, sustained bodily injury effected through external, violent and accidental means while riding in an automobile, which skidded from the road and turned over, thereby injuring her, from which injuries, directly and independently of all other causes, she died on the first day. So much of the policy, exhibit A, as is necessary to this decision, is as follows:

''In Consideration of Twenty-Five and 00/100 Dollars premium and the statements contained in the ''Schedule of Statements'' attached hereto and hereby made a part thereof, which statements the Insured makes and warrants to be true and

material by the acceptance of this Policy, the United States Casualty Company, herein called the Company, insures, subject to the provisions and conditions and limits therein, George B. Rubens, Indianapolis, Indiana, herein called the Insured for twelve months beginning at noon, standard time, on the Fourteenth day of November, 1909, against loss resulting directly and independently of any and all other causes from bodily injury effected solely through external, violent and accidental means, herein called such injury, as follows:''

Section X—Beneficiary Indemnity (stripped of its verbiage not pertinent to the question involved), reads:

If on the date of the event causing such injury, such beneficiary is over eighteen and under sixty years of age, and if such injury is sustained—(1) while such beneficiary is a passenger and is on board a railroad passenger car * * * (2) or while a passenger on board a steam vessel * * * (3) or while a passenger within a passenger elevator * * * (4) or in consequence of the burning of a building * * * and any one of the losses enumerated in the ''Schedule of Beneficiary Losses'' set forth below shall result directly from such injury within ninety days from the date of the event causing such injury and independently of any and all other causes, the Company will pay, subject to the provisions and conditions herein, the amount specified for such loss in said schedule.

Schedule of Beneficiary Losses.

Loss of Life.........................$5,000

* * *

Appellant contends that where the policy contains inconsistent provisions, or terms requiring construction, that view will be adopted which will sustain rather than forfeit the contract, citing, with other authorities, *Supreme Council, etc.* v. *Grove* (1911), 176 Ind. 356, 96 N. E. 159, 36 L. R. A. (N. S.) 913. He further contends that, the language of the policy being ambiguous, the agent's explanations as to what was intended should be followed, citing, with other authorities, *Stockwell* v. *Whitehead* (1911), 47 Ind. App. 423, 94 N. E. 736; *Ditchey* v. *Lee* (1906), 167 Ind. 267, 78 N. E. 972. It will be observed that the principle decided by these cases is not as liberal as the proposition contended for by appellant, but it is not necessary to discuss this proposition to decide this case.

We do not see how the section could have been made more unambiguous. "Such injury" clearly refers to an injury to a person more than eighteen and under sixty years of age, who was at the time of injury in a passenger car, or a steam vessel, or in a passenger elevator, or in a burning building, and then the loss from such injury must be enumerated in the "Schedule of Beneficiary Losses," or there can be no recovery. Any other construction would do violence to good English. The beneficiary was not in any one of these places mentioned in the policy, but was in an automobile, and death by injury while in an automobile is not covered by the policy sued on. The demurrer to the complaint was properly sustained.

The judgment is affirmed.